UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WENDY DALLYN SNOOK,                    )
                                       ) No. CV-10-269-JPH
            Plaintiff,                 )
                                       ) ORDER GRANTING PLAINTIFF'S
v.                                     ) MOTION FOR SUMMARY JUDGMENT
                                       ) AND REMANDING FOR FURTHER
MICHAEL J. ASTRUE, Commissioner        ) PROCEEDINGS
of Social Security,                    )
                                       ) (ECF No. 13)
            Defendant.                 )
                                       )
                                       )

_____

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on August 26, 2011 (ECF No. 13,
17). Attorney Donald C. Bell represents plaintiff; Special
Assistant United States Attorney David R. Johnson represents the
Commissioner of Social Security (Commissioner). The parties have
consented to proceed before a magistrate judge (ECF No. 7). On
June 9, 2011, plaintiff filed a reply (ECF No. 21). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** plaintiff's motion for summary judgment
(**Ct. Rec. 13**) and **REVERSES AND REMANDS** pursuant to sentence four
of 42 U.S.C. § 405(g) for further proceedings. The court **DENIES**
defendant's motion for summary judgment (**ECF No. 17**).

### JURISDICTION

     Plaintiff applied for disability insurance benefits (DIB) on

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                              - 1 -

December 17, 2007, alleging disability since February 1, 2000, due to memory loss, carpal tunnel syndrome, diabetes, bladder dysfunction, eye problems and a thyroid condition (Tr. 89-91, 103). Her applications were denied initially and on reconsideration (Tr. 49-51, 53-54).

Administrative Law Judge (ALJ) Benita A. Lobo held a hearing November 5, 2009 (Tr. 23-46). Plaintiff, represented by counsel, and a vocational expert testified. On December 15, 2009, the ALJ issued an unfavorable decision (Tr. 9-15). The Appeals Council denied review on July 28, 2010 (Tr. 1-3).

The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 19, 2010 (ECF No. 1, 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both parties, and are briefly summarized here.

Ms. Snook was 48 years old on her last insured date and 53 at the hearing (Tr. 25, 89). She has a bachelor's degree in nursing and worked as a school nurse. She has also worked as a maid, landscaper, bakery worker, and at the Census Department (Tr. 26-27, 35). Plaintiff lives with her spouse. She testified she cannot work due to memory problems (Tr. 28).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 2 -

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to

preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled. If
the impairment is not one conclusively presumed to be disabling,
the evaluation proceeds to the fourth step, which determines
whether the impairment prevents plaintiff from performing work
which was performed in the past. If a plaintiff is able to perform
previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§
404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's
residual functional capacity (RFC) assessment is considered. If
plaintiff cannot perform this work, the fifth and final step in
the process determines whether plaintiff is able to perform other
work in the national economy in view of plaintiff's residual
functional capacity, age, education and past work experience. 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*,
482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                        - 4 -

1 | Cir. 1984).

2 | **STANDARD OF REVIEW**

3 | Congress has provided a limited scope of judicial review of a

4 | Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

5 | the Commissioner's decision, made through an ALJ, when the

6 | determination is not based on legal error and is supported by

7 | substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

8 | Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

9 | "The [Commissioner's] determination that a plaintiff is not

10 | disabled will be upheld if the findings of fact are supported by

11 | substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

12 | Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is

13 | more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

14 | 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

15 | *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

16 | *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

17 | 573, 576 (9th Cir. 1988). Substantial evidence "means such

18 | evidence as a reasonable mind might accept as adequate to support

19 | a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

20 | (citations omitted). "[S]uch inferences and conclusions as the

21 | [Commissioner] may reasonably draw from the evidence" will also be

22 | upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

23 | review, the Court considers the record as a whole, not just the

24 | evidence supporting the decision of the Commissioner. *Weetman v.*

25 | *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*

26 | *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

27 | It is the role of the trier of fact, not this Court, to

28 | ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 5 -

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found plaintiff did not engage in substantial gainful activity between onset on February 1, 2000, and the date her insurance expired, December 31, 2004 (Tr. 11). At steps two and three, ALJ Lobo found plaintiff suffers from type I insulin dependent diabetes mellitus, a severe impairment that does not meet or medically equal a Listed impairment (Tr. 11-12). She found plaintiff less than completely credible (Tr. 14). At step four the ALJ found plaintiff is able to perform her past work as a school nurse and as a maid (Tr. 15). Because the ALJ found plaintiff could perform her past work, she is not disabled as defined by the Social Security Act (Tr. 15).

## ISSUES

Plaintiff alleges the ALJ erred when she weighed the opinions

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 6 -

of treating and examining professionals, assessed Ms. Snook's credibility, failed to discuss written lay witness and a VE's statements, and failed to "conduct a proper step four assessment" (ECF No. 14 at 11, 15-16, 18). The Commissioner answers the Court should affirm the decision because it is supported by the evidence and free of harmful error (Ct. Rec. 18 at 17, 20).

The third issue is determinative. The ALJ erred by rejecting lay witness evidence without comment. The error is harmful and therefore dispositive.

**DISCUSSION**

**A. Lay witness evidence**

Plaintiff alleges the ALJ failed to properly weigh statements given by a lay witness, her spouse (Ct. Rec. 14 at 16-18). Ms. Snook's spouse, William, submitted a report dated January 11, 2008 (Tr. 1117-124). The Commissioner admits the ALJ failed to discuss this evidence.

In determining disability an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009), citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also* 20 C.F.R. §§ 404.1513(d)(4), (e). Such testimony is competent evidence and "*cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If an ALJ disregards lay witness testimony he must provide reasons "that are germane to each witness." (Id.). The ALJ's reasons "germane to each witness" must be specific. *Stout v. Comm'r*, 454 F.3d at 1054 (explaining the ALJ, not the district court, is required to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 7 -

provide specific reasons for rejecting lay testimony).

When Mr. Snook made his statement he lived with plaintiff and had known her for 12-13 years (Tr. 117). He states plaintiff does not remember to finish jobs; she is no longer able to timely pay bills; sometimes needs help dressing; needs reminders to care for her feet; needs grooming, insulin, and diuretic pill reminders (Tr. 118-119). Low blood sugars can cause her to forget where her car is parked, leave her purse somewhere, and/or become disoriented. She misplaces or forgets to pay bills (Tr. 120). He has seen her "get panicky when a[n] insignificant problem arose" (Tr. 123). Sometimes smoke fills the kitchen and food burns (Tr. 119). He notes plaintiff wears a pump so she can have insulin throughout the night. Mr. Snook states plaintiff has suffered with diabetes most of her life, not simply at the present time (Tr. 124). He describes her as a person who has gone from being a highly paid nurse to a person who, at age 51, helps in the garden, perhaps 15 minutes to an hour a day (Tr. 119, 124). He notes a general decline in activities such as memory, concentration, completing tasks, understanding, and following directions (Tr. 122). A lot social activities "have dropped off" (*Id.*). Mr. Snook is retired and spends most of his days with plaintiff (Tr. 117).

The Commissioner asserts because Mr. Snook's opinion "was not significant or probative" the ALJ did not need to address it (ECF No. 18 at 17). He argues the limitations Mr. Snook describes would be relevant to plaintiff's past work as a nurse, but not to her work as maid; and, because the statements do not describe her condition in 2004 (her last insured date), any error by the ALJ in

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                                    - 8 -

failing to address Mr. Snook's opinion is harmless because it would not change the result. The argument is flawed in at least three respects.

First, the ALJ's error is not harmless because if the lay witness's description of plaintiff's functioning is accepted as true, it may support finding plaintiff disabled. Mr. Snook describes limitations, which, if credited, are evidence of mental limitations that may preclude all work. Forgetfulness may be as limiting to a maid as to a nurse.

Second, the Commissioner errs by characterizing the lay witness's observations as current. The witness clearly describes mental decline over a period of time.

Last, the Commissioner errs because the ALJ in this case disregarded the lay testimony *without comment*. The court is left to guess why she may have rejected the opinion. In determining whether a claimant is disabled, an ALJ *must* consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009); *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony is competent evidence and "*cannot* be disregarded without comment." If an ALJ disregards the testimony of a lay witness, he must provide specific and germane reasons. *Bruce*, 557 F.3d at 1115, citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Stout*, 454 F. 3d at 1054 (emphasized in *Bruce*).

The ALJ erred by disregarding the lay witness's statements without comment. Regardless of whether they are interested parties, "friends and family members in a position to observe a

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 9 -

claimant's symptoms and daily activities are competent to testify
as to [his or] her condition." *Valentine v. Comm'r of Soc. Sec.*
*Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v.*
*Shalala*, 12 F.3d 915, 918-919 (9th Cir. 2009).

The ALJ, not the district court, is required to provide
specific reasons for rejecting lay testimony. *Bruce*, 557 F.3d at
1115, citing *Stout*, 454 F.3d at 1054.

Plaintiff is correct. The ALJ erred by disregarding Mr.
Snook's statements without comment. And the error is harmful.
Because this issue is dispositive the court grants plaintiff's
motion and orders the matter remanded for further administrative
proceedings.

On remand the ALJ may wish to utilize the services of a
testifying psychologist to clarify whether plaintiff suffers from
a severe mental impairment as defined by the Act.

In addition, on remand the ALJ should clarify the step four
finding. At page 15, the ALJ found plaintiff was capable of
performing her past relevant work as a school nurse and as a maid.
At page 14, the ALJ states "While the claimant was unable to
perform her past duties as a nurse during the period mentioned,
there is no evidence that she was precluded from all work
activities." The inconsistency should be clarified on remand.

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S.
389, 400 (1971). A decision supported by substantial evidence
will be set aside if the proper legal standards were not applied
in weighing the evidence and making the decision. *Brawner v.*

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                        - 10 -

*Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

The court wishes to make clear it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the lay evidence she deems appropriate. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir 1982)("[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision contains harmful legal error requiring remand for additional proceedings. .

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED.** The decision is **REVERSED and REMANDED pursuant to sentence four** for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(ECF No. 17)** is **DENIED.**

3. An application for fees may be filed by separate motion.

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 18th day of July, 2011.


                              s/ James P. Hutton

                          JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                          - 11 -